John Wesley DAVIS, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 36946.

Court of Criminal Appeals of Texas.

May 27, 1964.

Rehearing Denied June 24, 1964.

David Tate, Wichita Falls, for appellant.

Stanley C. Kirk, Dist. Atty., Charles D. Butts, Asst. Dist. Atty., Wichita Falls, and Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Presiding Judge.

The offense is swindling by worthless check in the sum of over $50; the punishment, enhanced by two prior convictions for like offenses, life.

The statement of facts is in narrative form as requested by the appellant in his affidavit of inability to pay. It shows that on July 22, 1963, the appellant, who had registered as a guest at a hotel in Wichita Falls, gave the desk clerk a check on the First National Bank of Pampa for $75 in payment of his hotel bill amounting to $40.-92, and received $34.08 in cash.

The check was introduced in evidence and was shown to have been presented and returned unpaid. An officer of the bank testified that the bank had never had an account for a John Wesley Davis, Jr.

Appellant's confession to the giving of the check was introduced in evidence. Two previous convictions for like offenses alleged for enhancement of punishment purposes were proved by authenticated copies of the indictment, judgment and sentence, and the appellant was identified by fingerprint comparison testimony as the person so convicted.

We find the evidence sufficient to sustain the conviction.

Appellant's court appointed counsel has been unable to point out any error which would call for reversal and we have found none.

The judgment is affirmed.

ON APPELLANT'S MOTION
FOR REHEARING

McDONALD, Judge.

We have again carefully reviewed this case primarily because of the appellant's personal appeal to this court and his complaint that he feels that his court-appointed attorney has not shown him the record in his case. It is appellant's position that he could file a brief with this court reflecting reversible error, if he only had the record to look at. For that reason, the entire record has been re-examined, and we can find no possible error or contention that could be urged by appellant if he had the record before him. His court-appointed attorney did a creditable job representing him. The attorney cannot improve upon the record. He must only consider it as the facts were developed in the trial.

While we are sympathetic to one who is apparently afflicted with the "hot check dis-

ease" as appellant seems to be, we find no merit in his contention that would warrant a reversal of this cause. We remain convinced that we correctly disposed of this case in our original opinion.

Appellant's motion for rehearing is overruled.